IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PETER FENG,**

      **Plaintiff,**

**v.**                                                            **CIV 14-0294 LAM/KBM**

**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**

      **Defendant.**

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** is before the Court on *Plaintiff's Motion to Remand and Memorandum in Support Thereof (Doc. 8)*, filed April 1, 2014. Plaintiff filed a response to the motion on May 13, 2014 [*Doc. 14*], and Plaintiff filed a reply on May 20, 2014 [*Doc. 16*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 10* and *11*]. Having considered the motion, response, reply, record of the case and relevant law, the Court **FINDS** that the motion should be **GRANTED in part** and **DENIED in part**.

Plaintiff filed his *Complaint for Defense, Indemnification and Bad Faith* in the Second Judicial District Court, County of Bernalillo, State of New Mexico, alleging that Defendant breached its insurance contract with him by failing to defend and indemnify him in an underlying action. *See* [*Doc. 1-1*]. Defendant removed the case to this Court, contending that the Court has original jurisdiction because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and the parties are citizens of different states. *See*

[*Doc. 1* at 2]. In an affidavit submitted with the Notice of Removal, counsel for Defendant stated that Plaintiff's counsel represented to Defendant's counsel that "Plaintiff incurred approximately twenty to thirty thousand dollars ($20,000 - $30,000) in fees in the underlying action," and, because Plaintiff is claiming punitive and treble damages, the amount in controversy exceeds $75,000.00. [*Doc. 1-4* at 2].

In Plaintiff's motion to remand, Plaintiff contends that the case was improperly removed because the amount in controversy does not exceed the $75,000.00 jurisdictional requirement. [*Doc. 8* at 2]. Plaintiff states that "[t]he current amount due and owing from Defendant is $1,349.70." *Id.* Plaintiff further contends that, because "it was or should have been readily apparent to Defendant that this case should not have been removed from state district court," Plaintiff is entitled to his costs, expenses and attorney's fees in preparing the motion to remand. *Id.* at 4.

In response, Defendant states that the affidavit from Defendant's counsel provides a sufficient basis for its assertion that the amount in controversy exceeds $75,000.00. [*Doc. 14* at 3]. Defendant contends that the amount is met because Plaintiff alleges he is owed costs, attorney's fees, and punitive damages, in addition to compensatory damages. *Id.* at 4. Defendant further contends that removal was proper because Defendant "had an objectively reasonable basis for thinking the jurisdictional requirements for removal were met -- the factual allegations of the *Complaint*, the *Complaint's* claims for compensatory, bad faith, punitive and Unfair Practices Act damages, and the statements of Plaintiff's own counsel about the amount of attorney fees that Plaintiff said had not been paid in a timely fashion." *Id.* at 5.

Diversity jurisdiction is conferred upon the federal courts under 28 U.S.C. § 1332(a) in cases in which the "matter in controversy exceeds the sum or value of $75,000, exclusive of

2

interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Section 1446(c)(2) provides:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it[, and] [w]hen challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (citations omitted). "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis in original). The Tenth Circuit has held that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Moreover, there is a presumption against removal

jurisdiction." *Id.* (citation omitted). In establishing the jurisdictional amount in controversy, the Tenth Circuit has found that the defendant may rely on an estimate of the potential damages from the allegations in the complaint, and that "beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." *McPhail*, 529 F.3d at 956 (citations omitted).

Here, consistent with New Mexico state court practice, N.M.R.A. 1-008(A)(3), the Complaint in the underlying state court action did not allege damages in a specific amount. The Court first finds that the amount in controversy does not meet the jurisdictional requirement based on the amount of compensatory damages Plaintiff is seeking. Plaintiff stated in his Complaint that the unreimbursed amount at that time was $5,536.46 for payments made to court reporters for depositions taken as part of Plaintiff's defense. [*Doc. 1-1* at 4]. In Plaintiff's motion to remand, Plaintiff contends that Plaintiff is owed $1,349.70 by Defendant. [*Doc. 8* at 2]. Even though Defendant states that it based its removal on Plaintiff's counsel's statement that Plaintiff had incurred approximately $20,000.00 to $30,000.00 in fees in the underlying action, that amount does not take into consideration the amounts that had been paid to Plaintiff. *See* [*Doc. 8-1*]. As Plaintiff points out, Defendant wrote a letter to counsel for Plaintiff stating that there were "more payments than invoices" regarding the underlying action. [*Doc. 8-1* at 1]. Therefore, the amount of damages sought by Plaintiff is well-below the jurisdictional amount.

Second, the Court is not persuaded that the mere possibility that Plaintiff may recover punitive or treble damages, or fees or costs, means that Defendant satisfied the $75,000.00 amount in controversy requirement. Punitive damages may be considered in determining the amount in controversy. *Burrell v. Burrell*, No. 00-2031, 229 F.3d 1162, 2000 WL 1113702, *2 (10th Cir.

Aug. 7, 2000) (unpublished). Under New Mexico law, review of a punitive damages award "is essentially a review for reasonableness." *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, 140 N.M. 478, 489, 143 P.3d 717, 728 (N.M. 2006). In assessing the reasonableness of a punitive damages award, New Mexico courts are guided by three factors: "(1) the reprehensibility of the defendant's conduct, or the enormity and nature of the wrong; (2) the relationship between the harm suffered and the punitive damages award; (3) the difference between the punitive damages award and the civil and criminal penalties authorized or imposed in comparable cases." *Id.* (citation omitted). Defendant's Notice of Removal does not refer to these criteria, nor do they allege underlying facts that would allow the Court to estimate a range of punitive damages that would be recoverable and sustainable under New Mexico law under the facts of this case. Defendant's contention that Plaintiff may recover treble damages is also made without providing the underlying facts that would allow the Court to estimate whether such an award would be recoverable and sustainable under the facts of this case. Moreover, even if Plaintiff received treble damages, they would be either approximately $15,000.00 based on the amount of damages alleged in Plaintiff's Complaint, or approximately $4,000.00 based on the amount of damages alleged in Plaintiff's motion to remand. Either of these amounts are well below the jurisdictional amount. Defendant further fails to establish that an award of attorney's fees would satisfy the requisite amount in controversy. For these reasons, the Court concludes that the proper course is to remand this case to state court due to Defendant's failure in its Notice of Removal to allege facts demonstrating that the amount in controversy satisfies 28 U.S.C. § 1332(a). It is the Court's intention that this remand be without prejudice to Defendant's right to file a second notice of removal, if and when it receives clear and unequivocal notice of removability and otherwise complies with all requirements for removal under the law.

Finally, while the Court finds that Defendant has not met its burden to establish that this Court has jurisdiction, the Court also finds that Defendant nevertheless had an objectively reasonable basis for asserting that Plaintiff's damages established diversity jurisdiction based on Plaintiff's counsel's statement that Plaintiff had incurred $20,000.00 to $30,000.00 in fees in the underlying action, combined with Plaintiff's claims for punitive damages and for attorney's fees. Plaintiff's counsel had an opportunity to confirm the amount in controversy prior to Defendant's deadline to remove the case, and failed to do so. *See Doc. 1-4* at 2. Accordingly, the Court declines to award attorney fees or costs to Plaintiff. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Remand and Memorandum in Support Thereof (Doc. 8)* is **GRANTED in part** and **DENIED in part**, and that this action is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**